KINNEY ET AL., ADMINISTRATORS, &c., v. THE CENTRAL RAILROAD COMPANY.

Matter of practice. On motion to set aside judgment and execution for costs.

Argued before BEDLE and DALRIMPLE, Justices.

For plaintiffs, *J. F. Dumont.*

For defendants, *J. G. Shipman.*

The opinion of the court was delivered by

DALRIMPLE, J. The plaintiffs sued the defendants for injuries to their intestate, whereof he died. The action was founded on the act to provide for the recovery of damages in cases where the death of a person is caused by wrongful act, neglect, or default. *Nix. Dig.* 234.* Judgment having been rendered in this court (3 *Vroom* 408) in favor of the defendants, the plaintiffs brought error. The judgment below was affirmed, with costs, and the record remitted to this court, whereupon a *fi. fa.* was issued to make the costs of increase—the costs recovered in the court above, and the

---

*Rev., p. 294.

costs in this court on the *remittitur*. When the record was removed from this court, no costs had been taxed. The judgment as to costs was then in blank. On the filing of the *remittitur*, the costs were taxed and filed, and the blank in the record filled accordingly. The taxation of costs and entry in the record were without the order of the court. Over the award of costs in the Court of Errors we have no power. If, in respect to those costs, the plaintiffs are entitled to any relief, they must apply to that court.

The plaintiffs insist that having sued in a representative capacity, they are not liable to costs. If the plaintiffs prosecuted the suit in right of their intestate, no judgment for costs can, by the statute, (*Nix. Dig.* 323, § 11,\*) be recovered against them. The rule governing the case is conspicuously stated by Justice Ford, in the case of *Norcross* v. *Boulton*, 1 *Harr.* 315. He says if an executor or administrator charge the wrong for which the suit is brought as being done to himself, and fail to prove his case, he shall pay the costs, for he sues in that case in his own right; but if he charge that the wrong was done to his testator or intestate, and fail to prove it, he shall not pay costs, for he sued in right of his testator—not of himself. The test is not, as suggested in the brief of defendants' counsel, whether the damages, if recovered, will be assets in the hands of the representative. This suit was prosecuted by the plaintiffs in a representative capacity, for an alleged wrong done to their intestate in his lifetime. The action is given by the statute, in terms, to the personal representatives of the deceased. That the damages, when recovered, are to be distributed among the widow and children, to the exclusion of creditors, cannot take the case out of the general rule. Chief Justice Hornblower, in the case of *Norcross* v. *Boulton,* says that the doctrine that the plaintiff's liability to costs depended on the question whether the money, when recovered, would be assets or not has long been exploded, and was contrary to authorities older than those by which it was set up.

\**Rev., p.* 890, § 266.

Reid v. Inhabitants of Wall Township.

The defendants have no right to costs in this court against the plaintiffs; and the judgment therefor having really been entered since the record was remitted from the Court of Errors, let it be set aside, and the *fi. fa.* be modified accordingly.

CITED *in Northampton Live Stock Ins. Co.* v. *Stewart,* 11 *Vr.* 105.